IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VERTICAL COMPUTER SYSTEMS, INC., § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> INTERWOVEN, INC., § <br> LG ELECTRONICS MOBILECOMM § <br> U.S.A., INC., LG ELECTRONICS § <br> INC., SAMSUNG ELECTRONICS CO., § <br> LTD., SAMSUNG ELECTRONICS § <br> AMERICA, INC., § <br> § <br> Defendants. § | Civil Action No. 2:10-cv-490 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Vertical Computer Systems, Inc. ("Vertical") brings this action against Defendant Interwoven, Inc. ("Interwoven"), LG Electronics MobileComm U.S.A., INC., LG Electronics Inc., Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "defendants"), alleging as follows:

## PARTIES

1. Plaintiff Vertical is a Delaware corporation with a principal place of business in Richardson, Texas.

2. Defendant Interwoven is a Delaware corporation and has its principal place of business at 160 East Tasman Drive, San Jose, California. Interwoven is doing business in this judicial district and may be served with process through its Registered Agent, Dona Niemeyer located at 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833-3503.

3. Defendant LG Electronics MobileComm U.S.A., Inc. is a California corporation and has its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, NJ 07632. LG

Electronics MobileComm U.S.A., Inc. is doing business in this judicial district and may be served with process through its Registered Agent, Alan K. Tse, 10101 Old Grove Road, San Diego, CA 92131.

4. LG Electronics Inc. is a corporation organized under the laws of the Republic of Korea and has its principal place of business at LG Twin Towers 20, Yeouido dong, Yeongdeungpo-gu, Seoul, Republic of Korea 150-721.

5. Samsung Electronics America, Inc. is a New York corporation and has its principal place of business at 85 Challenger Road, Ridgefield Park, NJ 07660. Samsung is doing business in this judicial district and may be served with process through its Registered Agent, CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

6. Samsung Electronics Co., Ltd. is a corporation organized under the laws of the Republic of Korea and has its principal place of business at 1320-10, Seocho 2-dong, Seocho-gu, Seoul 137-857, Republic of Korea.

## JURSIDICTION AND VENUE

7. Vertical's patent infringement action arises under the patent laws of the United States, including 35 U.S.C. §§ 271 and 281. This Court has exclusive subject matter jurisdiction over this civil action under 28 U.S.C. § 1338(a).

8. Interwoven has minimum contacts with the Marshall Division of the Eastern District of Texas such that this venue is a fair and reasonable one. Interwoven has committed such purposeful acts and/or transactions in Texas that it reasonably knew and expected would result in it being brought into a Texas court as a consequence of its business activities. For these reasons, venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

9. LG Electronics MobileComm U.S.A., Inc. and LG Electronics Inc. (collectively, "LG") have minimum contacts with the Marshall Division of the Eastern District of Texas such that this venue is a fair and reasonable one.  LG has committed such purposeful acts and/or transactions in Texas that it reasonably knew and expected would result in it being brought into a Texas court as a consequence of its business activities.  For these reasons, venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

10. Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") have minimum contacts with the Marshall Division of the Eastern District of Texas such that this venue is a fair and reasonable one.  Samsung has committed such purposeful acts and/or transactions in Texas that it reasonably knew and expected would result in it being brought into a Texas court as a consequence of its business activities.  For these reasons, venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

**PATENT INFRINGEMENT**

11. On November 30, 2004, United States Patent No. 6,826,744 (the "'744 patent") was duly and legally issued for a "System and Method for Generating Web Sites in an Arbitrary Object Framework."

12. On May 11, 2010, United States Patent No. 7,716,629 (the "'629 patent") was duly and legally issued for a "System and Method for Generating Web Sites in an Arbitrary Object Framework."

13. Vertical is the owner of the '744 and '629 patents and has standing to sue for infringement.

14. Interwoven manufactures, has made, uses, sells and/or offers for sale software such as the Interwoven TeamSite 2006 product that, when used, is covered by at least claims 1-

11, 18-19, 21, 23-33, 40-41 and 45-53 of the '744 patent and 1-6, 8-17, 19-26 and 28-32 of the '629 patent. Interwoven has also induced others to infringe and/or has contributorily infringed those claims of the '744 and '629 patents.

15. Defendants LG and Samsung manufacture, have made, use, import, sell and/or offer for sale cellular telephones covered by at least one claim of each of the '744 and '629 patents. Defendants LG and Samsung have also infringed and continue to infringe the '744 and '629 patents by actively inducing others to infringe with specific intent and by contributing to the infringement by others by the use, sale and/or offer for sale of the infringing cellular telephones. The infringement that has occurred is at least one of the following claims through commercialization of at least the following model phones:

|  | Claims of '744 Patent | Claims of '629 Patent | Model Nos. |
|---|---|---|---|
| LG | 1,3,4,5,9,17,21, 23,25 | 1,4,8,10,12,21,24, 28,30,32 | Ally™ VS740 |
| Samsung | 1,3,4,5,9,17,21, 23,25 | 1,4,8,10,12,21,24, 28,30,32 | Galaxy Tab™ Tablet Computer<br>Galaxy Captivate™ Android Phone<br>Galaxy Fascinate™ Android Phone<br>Galaxy Epic™ Android Phone<br>Samsung Galaxy Mesmerize™<br>i500 Touch Screen Cell Phone |

### STATUTORY NOTICE

16. Vertical has placed the required statutory notice on all software products sold by it under the '744 and '629 patents.

### WILLFUL INFRINGEMENT

17. Vertical has given written notice to Interwoven of the '744 patent by a letter dated January 12, 2009 and since that time, Interwoven has been willfully infringing the '744 patent.

18. In a meeting between Interwoven and Vertical personnel held on March 5, 2009 in San Jose, California, Interwoven intentionally concealed its infringement of the '744 patent.

19. Vertical has given written notice to Interwoven of the '629 patent by a letter dated August 12, 2010 and since that time, Interwoven has been willfully infringing the '629 patent.

20. Interwoven again mislead Vertical into believing that it would attempt to resolve any patent infringement claim by Vertical by negotiating in good faith, but it obtained an extension of time under the pretext of studying the issues presented by Vertical to prepare a lawsuit against Vertical.

## RELIEF

21. Vertical has been damaged as a result of Interwoven's, LG's and Samsung's infringing conduct and LG, Samsung and Interwoven are, thus, liable to Vertical in an amount that adequately compensates Vertical for LG's, Samsung's and Interwoven's infringement, which, by law, cannot be less than a reasonable royalty for each of these three defendants.

22. LG, Samsung and Interwoven will continue their infringement of the '744 and '629 patents unless enjoined by the Court. LG's, Samsung's and Interwoven's infringing conduct causes Vertical irreparable harm and will continue to cause such harm without the issuance of an injunction.

## JURY DEMAND

23. Vertical hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Vertical respectfully requests that the Court find in its favor and against LG, Samsung and Interwoven and that the Court grant Vertical the following relief:

a. Judgment that one or more claims of United States Patent No. 6,826,744 and United States Patent No. 7,716,629 have been infringed, either literally and/or under the doctrine of equivalents, by LG, Samsung and Interwoven and/or by others to whose infringement LG, Samsung and Interwoven have contributed and/or by others whose infringement has been induced by LG, Samsung and Interwoven;

b. Judgment that Interwoven, LG and Samsung account for and pay to Vertical all damages to and costs incurred by Vertical because of Interwoven, LG and Samsung's infringing activities and other conduct complained of herein;

c. That Vertical be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Interwoven's infringing activities and other conduct complained of herein;

d. That this Court declare this an exceptional case and award Vertical its reasonable attorneys' fees and costs in accordance with 28 U.S.C. § 285;

e. That Interwoven's infringement be found willful and that the Court award increased damages of three times the actual damages awarded;

f. That Interwoven, LG and Samsung be permanently enjoined from any further activity or conduct that infringes any claims of United

    States Patent No. 6,824,744 and United States Patent No. 7,716,629; and

g.  That Vertical be granted such other and further relief as the Court or jury may deem just and proper under the circumstances.

      Respectfully submitted,

Dated: November 15, 2010      VERTICAL COMPUTER SYSTEMS, INC.

/s/ Lu Pham
Lu Pham
State Bar No. 15895430
**Lynn Pham & Ross, LLP**
306 W. Broadway Avenue
Fort Worth, Texas 76104
Telephone: (817) 332-8505
Facsimile: (817) 332-8548
pham@laborcounsel.net

**ATTORNEY FOR PLAINTIFF
VERTICAL COMPUTER SYSTEMS, INC.**