IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VERTICAL COMPUTER SYSTEMS, INC., | § § § | |
| Plaintiff, | § § | CASE NO. 2:10-cv-490-JRG |
| v. | § § | |
| LG ELECTRONICS MOBILECOMM U.S.A., INC., LG ELECTRONICS, INC., SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., | § § § § | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

## I. INTRODUCTION

Pending before the Court is the motion of LG Electronics MobileComm U.S.A., Inc. and LG Electronics Inc.'s ("LG") to Sever Claims and Transfer Venue (Dkt. No. 84). LG contends that joinder with Samsung under Fed. R. Civ. P. 20 is improper in light of *In re EMC (In re EMC I)*, 677 F.3d 1351 (Fed. Cir. 2012). LG also contends that the District of New Jersey is a more convenient forum than the Eastern District of Texas and seeks to transfer venue pursuant to 28 U.S.C. § 1404(a).[1] In the alternative, LG seeks to transfer to the Northern District of California. The Court will first take up LG's motion to transfer venue.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The procedural posture of this case is briefly recounted here as the Court finds it to be particularly relevant to its consideration of the venue issue.

---

[1] The Court notes that LG does not contend this venue is improper under Fed. R. Civ. P. 12(b)(3).

On October 14, 2012, Interwoven, Inc. filed suit against Vertical Computer Systems, Inc. ("Vertical") in the Northern District of California (NDCA), seeking declaratory judgment of non-infringement, invalidity, and unenforceability of U.S. Patent Nos. 6,826,744 and 7,716,629. *Interwoven, Inc. v. Vertical Computer Systems, Inc.*, Case No. 3:10-cv-4645-RS (the "Interwoven Action"). One month later, on November 15, 2010, Vertical filed the present action against Interwoven, Inc., two LG entities, and two Samsung entities, alleging infringement of the same two patents. The following month, Vertical sought to transfer Interwoven's declaratory judgment action from NDCA to the Eastern District of Texas (EDTX). The California Court denied Vertical's motion to transfer based on the first-to-file rule.

On January 12, 2011, Samsung filed a similar declaratory judgment action against Vertical in NDCA. *Samsung Electronics Co., Ltd. v. Vertical Computer Systems, Inc.*, Case No. 3:11-cv-189-RS (the "Samsung Action"). In response, Vertical filed a motion in California to transfer the Samsung Action to EDTX and renewed its motion to transfer the Interwoven Action. Both Interwoven and Samsung also filed competing motions in this Court to transfer this case to NDCA.

The California Court denied Vertical's renewed motion to transfer the Interwoven Action but granted transfer of the Samsung Action to EDTX, again based on the first-to-file rule. In ordering transfer to EDTX, the California Court's reasoned that "Vertical also has the better argument as to convenience factors, the interests of judicial economy (and, in particular, the avoidance of inconsistent results)." (Dkt. No. 87 at 6.). A week later, on May 10, 2011, this Court similarly granted Interwoven's motion to transfer to NDCA but denied Samsung's motion for the same relief. (Dkt. No. 41.) It is notable that throughout this time, and for almost two years since this suit was filed, LG did not move to transfer this case, nor did it seek to join either

Interwoven or Samsung's motions to transfer. Indeed, this Court noted in its Order denying Samsung's motion that LG "has not expressed any interest in joining any of the lawsuits in the Northern District of California." *Id.* More than fourteen months elapsed since this statement was included in the order denying Samsung's motion and until LG filed the present motion to sever and transfer, which the Court now addresses.

## III.    LEGAL STANDARDS

Change of venue is governed by 28 U.S.C § 1404(a). Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." 28 U.S.C. § 1404(a). However, a motion to transfer venue should only be granted upon a showing that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. *In re Nintendo Co.*, 589 F.3d 1194, 1197 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1388, 1342 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008); *In re Volkswagen of America, Inc. (Volkswagen II)*, 545 F.3d 304, 315 (5th Cir. 2008).

The initial question in applying the provisions of § 1404(a) is whether the suit could have originally been brought in the proposed transferee district. *In re Volkswagen AG (Volkswagen I)*, 371 F.3d 201, 203 (5th Cir. 2004). If the transferee district is a proper venue, then the court must weigh the relative public and private factors of the current venue against the transferee venue. *Id.* In making such a convenience determination, the Court considers several private and public interest factors, none of which are given dispositive weight. *Id.* The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."

*Nintendo*, 589 F.3d at 1198; *Genentech*, 566 F.3d at 1342; *TS Tech.*, 551 F.3d at 1319; *Volkswagen II*, 545 F.3d at 315. The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law." *Nintendo*, 589 F.3d at 1198; *Genentech*, 566 F.3d at 1342; *TS Tech.*, 551 F.3d at 1319; *Volkswagen II*, 545 F.3d at 315.

## IV.   ANALYSIS

### A.   Proper Venue

The Plaintiff does not dispute that this case could have been brought in either the District of New Jersey or in the Northern District of California, so the initial threshold in this case has been met and analysis of the public and private interests cited above must next be considered and weighed.

### C.   Private Interest Factors

#### i.   *Relative Ease of Access to Sources of Proof*

Despite technological advances in transportation of electronic documents, physical accessibility to sources of proof continues to be an important private interest factor. *See Volkswagen II*, 545 F.3d at 316; *TS Tech*, 551 F.3d at 1321. Indeed, the Federal Circuit has indicated that access to an alleged infringer's proof is important to venue transfer analyses in patent infringement cases. *See Genentech*, 566 F.3d at 1345 ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location.").

4

In this case, LG Electronics, Inc. is a Korean corporation with its principle place of business in Seoul, Korea, and LG Electronics Mobilecomm U.S.A, Inc. is a California corporation with its principle place of business in San Diego, California. Beginning in late 2011, several business functions related to LG Mobilecomm's mobile phone business have been transitioning to LG Electronics, U.S.A., Inc. in New Jersey. (*See* Fishler Decl., attached as Ex. 7 to Dkt. No. 84.) LG moves to transfer to the District of New Jersey on this basis.

Even if the situs of the bulk of the accused products have moved since this suit was filed, precedent dictates that motions to transfer venue are not decided on a series of changing facts, but instead should be evaluated based on the situation which existed when suit was filed. *In re EMC Corp. (EMC II)*, 2013 WL 324154, at *2 (Fed. Cir. Jan. 29, 2013). Otherwise, given the constantly evolving commercial landscape, the Court is likely to face a new transfer request every time a business or product line is relocated. (*See generally*, *Mobilemedia Ideas LLC v. HTC Corporation and HTC America, Inc.*, Cause No. 2:10-cv-112, Dkt. No. 151.) Moreover, the Court notes that LG Electronics, U.S.A., Inc., though headquartered in New Jersey and acquiring the transitioning business functions and product line at issue, is not a named party to this suit.[2] Accordingly, there is no evidence before the Court for purposes of venue analysis that either LG Mobilecomm or LG Electronics, Inc. maintain offices or keep relevant documents in New Jersey.

LG seeks, in the alternative, to transfer to the Northern District of California. However, the named LG entities to this suit are based in Seoul Korea and San Diego, California. Neither entity has its principle place of business within the Northern District of California.

---

[2] LG Electronics, U.S.A., Inc. is the parent company of LG Mobilecomm. However, even if the Court were to take the larger LG umbrella of companies into account in its analysis, the result would not change because LG is a multinational corporation based in Seoul, Korea, with offices across the United States, including a distribution and service center in Fort Worth, Texas.

In contrast, Vertical has its principal place of business at 101 W. Renner Road, Richardson in Collin County, Texas, which is wholly within the boundaries of EDTX. Vertical sells and services its products, including the SiteFlash product covered by the patents-in-suit, out of its Richardson office. (*See* Valdetaro Decl., attached as Ex. 1 to Dkt. No. 87.) Thus, Vertical has at least documents relevant to its SiteFlash product located in Richardson. *Id.* Several current Vertical employees are also Texas residents, including at least the Chief Technical Officer, Luiz Claudio Valdetaro, who resides in Coppell, Texas; the Chief Executive Officer, Richard Wade, who resides in Dallas, Texas; and the Chief Financial Officer, Freddie Holder, who resides in Richardson, Texas. *Id.* In addition, Vertical's previous CFO resides in Rockwall, Texas. *Id.* Vertical does not operate any offices in California or New Jersey, and further, it has not sold its SiteFlash product in either California or New Jersey. *Id.*

The Court finds that Vertical has shown that significant sources of proof exist within EDTX. Conversely, LG has not established significant sources of proof within either of the alternative districts to which it seeks transfer. Accordingly, the Court finds this factor clearly weighs against transfer.

### ii.    *Availability of Compulsory Process*

The second private interest factor is the availability of compulsory process to secure the attendance of non-party witnesses. A venue that has "absolute subpoena power for both deposition and trial" is favored over one that does not. *Volkswagen II*, 545 F.3d at 316.  Rule 45 of the Federal Rules of Civil Procedure limits the court's subpoena power by protecting non-party witnesses who work or reside more than 100 miles from the courthouse. *Id.* Here, neither LG nor Vertical has specifically identified any non-party witnesses in this case who are located within the subpoena power of EDTX or the DNJ. Certainly, neither District has absolute

subpoena power because at least some non-party witnesses, such as the named inventor, is located in Austin, Texas. Although Austin is more than 100 miles from this Courthouse, it is significantly closer to the Eastern District of Texas than it is to New Jersey.

LG also submits that "[i]t is believed that a majority of the Google Android team tasked with servicing LGE is located at Google's Mountain View headquarters," which is within the 100-mile subpoena power of NDCA. (Dkt. No. 84, at 8). However, the Court cannot properly decide the issue of transfer based on a tenuous and conditional belief of potentially relevant third party knowledge. This statement by LG falls far short of establishing available compulsory process.

Considering the facts presented, LG has not shown that DNJ or NDCA would be any better in this regard than EDTX. Accordingly, the Court finds this factor weighs slightly against transfer, or at the best for movant, is neutral.

### iii.    Cost of Attendance for Willing Witnesses

The third private interest factor is the cost of attendance for willing witnesses. "The convenience of the witnesses is probably the single most important factor in a transfer analysis." *In re Genentech, Inc.*, 556 F.3d at 1342.  The Court in *Volkswagen I* explained:

> [T]he factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.  Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.

371 F.3d at 205. Although the court must consider the convenience of both the party and non-party witnesses, "it is the convenience of non-party witnesses…that is the more important factor and is accorded greater weight in a transfer of venue analysis." *Mohamed v. Mazda Motor Corp.*, 90 F.Supp.2d 757, 775 (E.D. Tex. 2000); *see also id.* at 204 (requiring courts to

"contemplate consideration of the parties and witnesses"); *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d 761, 765-66 (E.D. Tex. 2009).

Here, the only clearly identified third-party witness is the named inventor, Aubrey McAuley, who resides in Austin, Texas. The difference in location between Austin and Marshall, Texas and between Austin and either the Northern District of California or New Jersey is significant. Although LG has identified employees residing in New York, New Jersey, California and Korea who may have relevant information, it is apparent that LG's employees are widespread and are not concentrated in any one location. Whether this case is moved to the DNJ, NDCA, or stays in EDTX, some of LG's employees will have to travel a significant distance. In contrast, Vertical has identified several employees who are Texas residents living within 150 miles of the Marshall Courthouse. On balance, the Court finds this factor weighs against transfer.

    *iv.  Other Practical Problems*

Practical problems include those that are rationally based on judicial economy. *Eolas Tech., Inc. v. Adobe Sys., Inc.*, 2010 WL 3835762, at *6 (denying a request to sever defendants), *aff'd In re Google, Inc.*, 412 Fed. Appx. 295 (Fed. Cir. 2011); *see also Volkswagen II,* 566 F.3d 1349, 1351 (Fed. Cir. 2009) (quoting *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960) ("[T]he existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice … [T]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Court leads to the wastefulness of time, energy and money that § 1404 was designed to prevent.")).

LG is not the only defendant in this suit, and even if LG is transferred to another district, this case must still proceed here with the other defendant, Samsung. This is, in effect, an issue of

judicial economy where the co-pendency of cases involving the same patents is a permissible consideration in ruling on a motion to transfer venue. *In re EMC II*, 2013 WL 324154, at *2. Transfer to NDCA will not conserve judicial resources because both NDCA and EDTX will proceed with their respective Interwoven/Vertical case and Vertical/Samsung case irrespective of whether LG is transferred to NDCA or remains in EDTX. LG's arguments to transfer to New Jersey are even less persuasive given these facts.

An additional practical consideration is the procedural posture of this case and the timeliness of LG's request. Two of the three original defendants to this action moved to transfer to the same district which LG now seeks in the alternative within the first six months this suit was initiated. At that time, LG chose not to join in Samsung or Interwoven's motions. In fact, LG chose to wait until a *Markman* order had issued in the Interwoven action, and this action has been pending for almost two years, before making its move to seek transfer. No reasonable reason has been given to explain why LG sat on its hands.

On balance, the Court finds that the traditional notions of judicial economy clearly weigh against transfer.

### D.    Public Interest Factors

LG submits the only public interest factor supporting transfer is the local interest in adjudicating the dispute; the other public interest factors are neutral.

### ii.    *Local interest in having localized interests decided at home*

The Court must consider local interest in the litigation because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206 (5th Cir. 2004).  Interests that "could apply virtually to any judicial district or division in the United States," such as the nationwide sale of infringing

products, are disregarded in favor of particularized local interests. *Volkswagen II*, 545 F.3d at 318; *In re TS Tech*, 551 F.3d at 1321.

LG contends the District of New Jersey has a local interest in this dispute because LG Electronics U.S.A., Inc. is headquartered within the district and a significant portion of LG Mobilecomm's operations is now located there. However, as discussed earlier, LG Electronics U.S.A., Inc. is not a named party to this suit. Also, at the time this case was filed, LG Mobilecomm did not have a presence in New Jersey.

LG urges, in the alternative, that NDCA has a vested interest in the outcome of this case because Google's Android software that is featured in LG's products has been accused, and Google is headquartered in Mountain View, CA. However, Google is also not a party to this suit. Meanwhile, this district has a local interest in this dispute because Vertical is headquartered within EDTX. On balance, this factor weighs against transfer.

On weighing the evidence, four factors weigh against transfer, while the other factors are either slightly against transfer or are neutral. No factor clearly favors transfer. The balance of the private and public factors demonstrates that LG has fallen short of meeting its burden to show that transfer is clearly more convenient. Accordingly, transfer to the District of New Jersey, or in the alternative, to the Northern District of California is **DENIED**.

## IV.    MOTION TO SEVER

The Court now turns to LG's severance request. LG claims that it is improperly joined with Samsung in this lawsuit under *In re EMC I* because LG is a different company from Samsung, and it independently designs, manufactures, and markets its accused smartphones and tablets. (Dkt. No. 84, at 4.) Vertical responds that it accuses essentially the same products with relevant parts sourced from the same company—Google—which cooperates with LG and

10

Samsung to meet Google's compatibility requirements in development of the accused devices. (Dkt. No. 87, at 9.)

In the *In re EMC I* opinion, the Federal Circuit clarified the test for joinder, holding that "[c]laims against independent defendants (i.e., situations in which the defendants are not acting in concert) cannot be joined under Rule 20's transaction-or-occurrence test unless the facts underlying the claim of infringement asserted against each defendant share an aggregate of operative facts." 677 F.3d at 1359. And, "joinder is not appropriate where different products or processes are involved." *Id.* "Unless there is an actual link between the facts underlying each claim of infringement, independently developed products using differently sourced parts are not part of the same transaction, even if they are otherwise coincidentally identical." *Id.*

The accused products in this case are cellular telephones and tablets running Google's Android OS. (Dkt. No. 87, at 12.) Although the accused products are independently manufactured by different companies, the infringement allegations are clearly directed to the software implementation of the Android OS, which is identical between LG and Samsung. Even though their hardware implementations may differ, this is a software centric case, and not one governed by hardware. Accordingly, the common usage of Google's Android OS is the "actual link" called for by *In re EMC I* between the facts underlying each claim of infringement. As a result, the Court is persuaded that these facts fall within the guidance of *In re EMC I* and joinder is appropriate in this case.

The commonality of the accused implementation of the Android OS shows that the claim of infringement asserted against each defendant shares an aggregate of operative facts adequate to meet Rule 20's transaction-or-occurrence test. Accordingly, the Court finds LG's motion to sever should be **DENIED**.

11

## VI.    CONCLUSION

The Court, having considered LG's Motion to Sever and Transfer Venue (Dkt. No. 84)

and related briefing, hereby **DENIES** the Motion in all respects.

**So Ordered and Signed on this**

**May 20, 2013**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE