# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| VERTICAL COMPUTER SYSTEMS, INC., | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CASE NO. 2:10-CV-490-JRG |
| INTERWOVEN, INC., et al. | § § § | |
| *Defendants*. | § § § § § | |

## ORDER

Before the Court is Defendants LG Electronics Mobilecomm USA, Inc., LG Electronics, Inc., Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc.'s (collectively, "Defendants") Motion to Strike Plaintiff's Patent Rule 3-1 Infringement Contentions Without Leave to Amend. (Dkt. No. 128.) Having considered the parties' written submissions, the Court **DENIES** the Motion.

The patents in suit relate to generating computer applications using "arbitrary objects." One element of the asserted independent claims is that the "arbitrary object… maybe, but need not be, accessed solely by name." To demonstrate how this element is found within the accused instrumentality, here the Android operating system, Plaintiff provides a screenshot in its infringement contentions showing how an object in the Android system named "TextView" can be called by name only, without passing parameters. Plaintiff allegedly obtained the result shown in the screenshot by creating and running a test code on the Android system. Upon receiving Plaintiff's infringement contentions, Defendants have attempted to reproduce the same

1

result but their attempts have been uniformly unsuccessful. Defendants allegedly experienced system crash every time the Android system tried to access the TextView object by name only. This issue was later acknowledged by Plaintiff's 30(b)(6) witness during deposition. In fact, Plaintiff now alleges that it did not save the original test code used to generate the screenshot, and that since the Android system itself has changed so much overtime, it can no longer produce the same result as shown in the infringement contentions. On this basis primarily, Defendants filed the instant motion on June 13, 2013, asking the Court to strike Plaintiff's infringement contentions in the entirety.

Local Patent Rule 3-1 requires a party to provide infringement contentions setting forth "particular theories of infringement with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the mere language of the patent [claims] themselves." *STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F. Supp. 2d 754, 755 (E.D. Tex. 2004). This notice focuses discovery and narrows issues for claim construction, summary judgment and trial. *Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 526 (E.D. Tex. 2005). A party may not state its infringement contentions with vague, conclusory language or simply mimic the language of the claims. *Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*, No. 6:07-cv-559, 2009 WL 81874, at *2 (E.D. Tex. Jan. 12, 2009). Rather, Rule 3-1(b) requires a party to identify each accused product by name and model number, if known; Rule 3-1(c) requires "[a] chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality." The Rules, however, do not require the disclosure of specific evidence nor do they require a plaintiff to prove its infringement case. *EON Corp. IP Holdings, LLC v. Sensus USA Inc.*, No. 6:09-cv-116, 2010 WL 346218, at *2 (E.D. Tex. Jan. 21, 2010). "[I]nfringement contentions are not meant to provide a forum for litigation of the substantive

issues; they are merely designed to streamline the discovery process." *STMicroelectronics*, 308 F. Supp. 2d at 755.

Here, Defendants do not argue that Plaintiff's infringement contentions lack specificity, such that they fail to provide notice of Plaintiff's infringement theory. Indeed, that Defendants were able to subsequently uncover the alleged failure of Plaintiff's test and undertake discovery specifically targeting this issue shows that they amply understand Plaintiff's theory. Thus, the infringement contentions have served their stated purpose of providing notice, focusing discovery and narrowing issues. *See Connectel*, 391 F. Supp. 2d at 526. Defendants' sole basis for seeking to strike Plaintiff's infringement contentions boils down to an allegation that Plaintiff's infringement theory is flawed. In Defendants' own words, the contentions "manifestly do not work" as Plaintiff describes. Whether or not an accused instrumentality works as described in the infringement contentions, however, is a substantive issue central to this litigation. The Court deems it improper to resolve this issue upon a motion to strike, because doing so would "provide a forum for litigation of the substantive issues" based on infringement contentions. *See STMicroelectronics*, 308 F. Supp. 2d at 755. Accordingly, Defendants' Motion to Strike Plaintiff's Infringement Contentions is **DENIED**.

Plaintiff also seeks leave to amend its infringement contentions to the extent that the Court should rule in favor of Defendants on this Motion. Now that Defendants' Motion is denied, Plaintiff's request becomes **MOOT**. Thus, leave to amend Plaintiff's infringement contentions is not granted at this time. If Plaintiff determines that it is otherwise necessary to amend its infringement contentions, it shall file a separate motion seeking the Court's leave to do so, unless otherwise permitted under Patent Rule 3-6(a).

**So ORDERED and SIGNED this 13th day of September, 2013.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE